## SMITH *vs.* BUZZARD ET ALS.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

Where the Supreme Court differ with the jury, on a question of fact, the cause will be remanded.

*Lockett*, for appellant.   *Maybin*, for appellees.

*Mathews, J.* delivered the opinion of the court.

In this case, the plaintiff alleges, that he entered into a commercial partnership with the defendant, Dillard, who carried on trade, in their joint names, in the territory of Arkansas, from the year 1823, to the time of filing the petition in the present suit, on the 23d of April, 1828 ; that he furnished the whole capital, on which the partnership traded, and that, with means derived from this capital, said defendant had purchased a quantity of cotton, which he had in his possession in the city of New-Orleans, at the time of commencing the present action, and which he claimed, as his exclusive property, although in truth and justice, it belonged to the petitioner, as he alleges ; and prayed for, and obtained an order of sequestration. The petition also states, that this cotton, was unjustly claimed by Buzzard, the other defendant, and Dillard, &c.

These defendants, filed separate answers. The cause, as between Smith and Dillard, was referred to accountants or

experts, who reported a certain sum due to the former, and their report was homologated, &c.    Buzzard, in his answer, claimed the cotton, as his exclusive property.    Soher, Goodman & Co., intervened and claimed a privilege on it, for advances made by them, as commission merchants and consignees.    The sole question, which seems to have been tried in the court below, relates to the ownership of the cotton in dispute.    The cause was submitted to a jury, who found that it belonged to Buzzard, and judgment being rendered in pursuance of the verdict, the plaintiff appealed.

Both parties to this suit, appear to have been indefatigable in procuring testimony; which has cumulated, in various ways, to an immense mass, and comes up in a rude and indigested shape, of mixed and deranged papers and documents.   We have examined that part of the evidence, properly admitted, which relates to the question of fact, to which the jury seem to have answered, and are unable to concur with them in their verdict. It is true, the testimony is somewhat contradictory, but it is believed by us, to preponderate against the fairness and legality of the pretended sale, from Dillard to his partner, Buzzard.   Nor does it, in our opinion, support the claim of the latter, to the property in dispute, as having been originally his.

As to what effect may be produced on the claim of the intervenors, whether the cotton (which they allege, to have been, by them secured, on consignment,) be considered the sole property of Buzzard, or that of Dillard & Buzzard, who had also formed a partnership ; we refrain from expressing an opinion, as the case must be remanded for a trial, *de novo.* When a cause has been submitted to a jury, in any of the courts of the first instance, and this court differs with them, as to questions of fact, it is customary to allow the parties to put their case before another jury, by ordering a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court, be reversed and annulled ; and it is further ordered, adjudged and decreed, that this case be remanded to said court, for a new trial, the appellee paying costs of this appeal.